UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUIS C.,[1]

   Plaintiff

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

   Defendant.

Case No. 5:18-cv-01091-GJS

**MEMORANDUM OPINION AND
ORDER**

## I. PROCEDURAL HISTORY

  Plaintiff Luis C. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pl. Br."), Dkt. 17 ("Def. Br."), Dkt. 19 ("Reply Br.")]. The matter is now ready for decision. For the reasons discussed below, the Court finds that this matter should be affirmed.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB alleging disability since May 5, 2012, based primarily on degenerative joint disease of both ankles. [Dkt. 15, Administrative Record ("AR") 183, 314.] Plaintiff's application was denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Robert Freedman. [AR 24-31, 356-59.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2012, the alleged onset date. [AR 26 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from degenerative joint disease of the bilateral ankles. [AR 26 (citing 20 C.F.R. § 416.920(c)).] The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 28 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

Next, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a range of light work except his use of foot controls is limited to no more than occasional. [AR 28.] Applying this RFC, the ALJ found at step four that Plaintiff was unable to perform his past relevant work. [AR 29]. However, at step five the ALJ determined that Plaintiff was capable performing work as a laundry worker, price marker, or housekeeper and thus he is not disabled. [AR 30.] Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5, 10. This appeal followed.

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial

evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.    DISCUSSION

Plaintiff's primary attack on the evidence cited by the ALJ is his argument that one of the physicians who examined him, Dr. Bernabe, was removed from the panel of consultative examiners and is no longer authorized to conduct evaluations for the Department of Disability Services ("DDS") or state programs. [Pl. Br. at 6-7.] Plaintiff argues that this development amounts to "new and material evidence" that warrants remand and subsequent consideration by the ALJ. In his second issue, Plaintiff argues that the ALJ erred in weighing his subjective symptom testimony.

### A.    Plaintiff Fails to Present New and Material Evidence

Plaintiff first argues that the removal of examining physician Dr. Bernabe from the DDS panel of examining physicians coupled with Dr. Bernabe's history of

malpractice settlements amounts to new evidence warranting remand. The Court disagrees.

As a preliminary matter, this Court has already twice examined whether Dr. Bernabe's consultative examinations are indeed reliable despite allegations related to his prior medical malpractice claims and his recent removal as a consultative examiner for the Administration. On both occasions, the Court answered in the affirmative and rejected any assertion that Dr. Bernabe's examinations are unworthy of consideration. *See Madison v. Berryhill*, No. EDCV 17-444 AFM, 2018 WL 1010191, at *2 (C.D. Cal. Feb. 20, 2018) (rejecting any suggestion that the ALJ was not entitled to rely on Dr. Bernabe's opinion given his removal as a consultative examiner by the Administration); *Anaya v. Berryhill*, No. 5:16-CV-01199-GJS, 2018 WL 565698 (C.D. Cal. Jan. 24, 2018) (finding the argument that Dr. Bernabe's "unrelated" and "unnamed" alleged malpractice cases undermined his opinion "distasteful and disingenuous."). The Court again declines to find that Dr. Bernabe's alleged removal and malpractice proceeding discredits his otherwise valid consultative examinations. Plaintiff fails to challenge any specific finding or conclusion drawn by Dr. Bernabe. And Plaintiff does not even attempt to explain how or why the results of objective tests conducted by Dr. Bernabe and his observations of Plaintiff's abilities should be discounted based on unrelated events such as malpractice claims and his departure from DDS. Rather, Plaintiff assumes that any opinion ever authored by Dr. Bernabe is undermined by his subsequent removal. The Court refuses to credit such a broad and sweeping generalization.

Secondly, Plaintiff's "additional evidence" fails to meet the new and materiality standard. "The Court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "To be material . . . new evidence must bear directly and substantially on

4

the matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal quotation marks omitted). A plaintiff seeking to introduce new evidence "must demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* Additionally, the plaintiff must show that the new evidence "is material to and probative of his condition as it existed at the relevant time—at or before the disability hearing." *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 511 (9th Cir. 1987).

Dr. Bernabe's removal from the examiner's panel became effective on March 21, 2017, over two years after he evaluated Plaintiff on October 21, 2014. [AR 580, Declaration of Lawrence D. Rohlfing at ¶ 3.] Plaintiff does not explain why Dr. Bernabe's opinion—written long before his eventual departure from DDS—is probative of Plaintiff's condition at or before the time of the hearing. Plaintiff has not demonstrated that this additional evidence has any bearing on the severity of conditions he had at the time of the ALJ's decision. Therefore, because Plaintiff's new evidence does not address Plaintiff's condition during the relevant time period, this evidence cannot be considered an appropriate basis for remand.

Finally, even assuming that Plaintiff's allegations against Dr. Bernabe have merit, these arguments do not undermine the ALJ's decision that Plaintiff could perform a limited range of light work. [AR 28.] Plaintiff's medical records showed that despite complaints of disabling ankle pain, x-rays showed mild degenerative changes in the ankles and Plaintiff's muscle strength was within normal limits. [AR 28.] An MRI showed moderate to advanced arthrosis which doctors treated with anti-inflammatory gel and pain medications. Plaintiff's treating physician also recommended treatment with injections but opined that Plaintiff's condition was "not severe enough to qualify for surgery." [AR 27, 599.] At a follow-up appointment on September 31, 2016, a treating nurse practitioner recommended that Plaintiff reduce his narcotic pain medication intake and incorporate alternative

5

methods such as meditation, herbal supplements, physical activity, and weight loss. [AR 639.] Based on this and other evidence, the State agency medical consultants opined that Plaintiff could perform at least medium work. [AR 333-34, 343-44.] *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Thus, even excluding Dr. Bernabe's opinion, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Because omitting Dr. Bernabe's evaluation does not render the ALJ's RFC assessment unsupported by substantial evidence, remand is not warranted. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Marin v. Astrue*, No. CV 11-09331 AJW., 2012 U.S. Dist. LEXIS 157093, 2012 WL 5381374, at *6 (C.D. Cal. Oct. 31, 2012) (declining to reverse when new evidence submitted to Appeals Council did "not alter the conclusion that the ALJ's decision was supported by substantial evidence in the record as a whole").

### B. The ALJ's Credibility Determination is Supported by at Least One Clear and Convincing Reason

"Where, as here, an ALJ concludes that a claimant is not malingering, and that he has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (internal citation and quotations omitted). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal citation and quotations

omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting his testimony regarding his subjective symptoms and functional limitations. [Pl. Br. at 8-10.] The ALJ gave the following reasons for discounting Plaintiff's testimony and allegations of pain, each of which is challenged by Plaintiff as not rising to the level of "clear and convincing" reasons:

### 1. Inconsistent Statements

First, the ALJ found that Plaintiff's statements were internally inconsistent. [AR 29.] "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112 (9th Cir. 2012); *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("ALJ may engage in ordinary techniques of credibility evaluation, such as . . . inconsistencies in claimant's testimony"); *accord* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ found that while Plaintiff "asserts that his bilateral degenerative joint disease of the ankles renders him unable to work…the record shows that [after Plaintiff's disability onset date]…[Plaintiff] was trying to find a job that was less demanding on the feet and ankles than his truck driving and driver courier jobs." [AR 29.] The ALJ thus based his credibility determination, at least in part, on these two inconsistencies.

Although Plaintiff argues that his desire to look for less demanding work should not detract from his credibility, the ALJ was permitted to rely on the inconsistency between Plaintiff's statements regarding his efforts to seek

1  employment and his allegations of being unable to work due to disability. *See*
2  *Merritt v. Colvin*, 572 F. App'x 468, 470 (9th Cir. 2014) (affirming an ALJ's
3  finding that a claimant's "interest in starting a new job is not consistent with [the]
4  marked limitations in the ability to tolerate work pressures" about which the
5  claimant testified); *see also Fregoso v. Astrue*, 2012 U.S. Dist. LEXIS 83519, 2012
6  WL 2195655, at *4 (C.D. Cal. June 14, 2012) ("[P]laintiff's testimony at the hearing
7  that she had been looking for work was inconsistent with plaintiff's assertions that
8  she suffers from disabling impairments which preclude her from working at all."),
9  *aff'd* (9th Cir. Aug. 13, 2013); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.
10  1982) ("[The ALJ] is entitled to draw inferences logically flowing from the
11  evidence.").

    The Court finds that this is a clear and convincing reason, supported by
13  substantial evidence, to discount Plaintiff's credibility.

### 2. Activities Of Daily Living At Odds With Total Disability

15      Second, while Plaintiff reported that he cannot walk for longer than 15/20
16  minutes at a time, he also revealed that: he walks for exercise, helps his wife 2-3
17  times a week sweeping and mopping, he washes dishes while standing, he drives to
18  appointments, but he must stop and "walk around the car or stretch [his] legs" after
19  20/25 minutes of driving. [AR 29, 320.]

20      Of course, an ALJ may consider "whether the claimant engages in daily activities
21  inconsistent with the alleged symptoms." *Molina*, 504 F.3d at 1040 (internal
22  citation omitted). And even if Plaintiff has some difficulties in performing these
23  activities, they may nevertheless be grounds for discrediting a plaintiff's claims of
24  totally disabling impairments. *Turner v. Comm'r Social Sec.,* 613 F.3d 1217, 1224-
25  25 (9th Cir. 2010). An ALJ should address whether the Plaintiff's daily activities
26  translate into the work environment. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.
27  2007) (internal citation and quotations omitted).

In finding that Plaintiff's reported activities of daily living were inconsistent with a finding of disability, the ALJ specifically noted that Plaintiff is able to ambulate effectively given his ability to (1) ascend and descend stairs without assistance in his 2-story house; (2) operate a vehicle; (3) perform household chores; and (4) walk distances, such as getting the mail. The ALJ found these activities were inconsistent with finding a lessor residual functional capacity assessment than a "light" RFC (such as a sedentary RFC or total disability). [AR 29.] The ALJ's analysis of Plaintiff's activities of daily living thus provided a second specific and legitimate reason to discount his testimony of debilitating pain and limitations.

### 3. The Lack Of Record Evidence Supporting Plaintiff's Claims Of Total Disability Supports The ALJ's Credibility Determination

The ALJ also found Plaintiff's allegations of debilitating pain not credible in light of the "scant medical record." [AR 29.] The ALJ limited Plaintiff to light work. In doing so, he noted, *inter alia,* that all of the opinion evidence from the "treating, examining, or evaluating physicians" concluded that Plaintiff could perform more than light work. [AR 28.] The ALJ found that "the record did not include a more restrictive [than light] RFC assessment" and "a more restrictive than light RFC is not objectively supported by the record." [AR 28.] The ALJ also relied on other ample medical evidence demonstrating that Plaintiff had normal muscle strength, "full motor strength through both feet," and "x-rays of his ankles" revealed only "mild degenerative changes or osteoarthritis." [AR 27, citing AR 545-46, 568, 598, 617, 611-14.] While lack of support in medical records for a plaintiff's allegations of debilitating pain will not alone suffice to discount his or her testimony, the ALJ may consider such lack of objective evidence as a factor in the credibility analysis. *Burch*, 400 F.3d at 681. The ALJ properly did so in this case.

Given that the Court has found that at least two of the reasons given by the ALJ for finding Plaintiff's credibility "diminished" are clear and convincing, which are further supported by a third – and only one is necessary – the Court will not

9

address the remaining reason (conservative treatment) set forth in the ALJ's opinion. Plaintiff's contention that the ALJ impermissibly discounted his testimony does not provide a basis for reversal of the Commissioners finding that he is not disabled.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.


**IT IS SO ORDERED.**


DATED: May 8, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE